OPINION
{¶ 1} Plaintiff-appellant, Clarence Judd, appeals the decision of the Butler County Court of Common Pleas finding that he failed to establish adverse possession over certain property. We reverse the trial court's decision.
 {¶ 2} Appellant is the owner of real property located at Lot 59, 1419 Hogue Road in Hamilton, Ohio. In 1958, appellant and his late wife purchased this property, and appellant became the sole owner of the property upon his wife's death in 1986.
 {¶ 3} In 1988, defendants-appellees, Thirlon and Alma Jackson, purchased real property located at Lot 75, 1387 Hogue Road, which is adjacent to the eastern part of appellant's property. In March 2001, appellees removed a 72-foot portion of a fence that was located approximately 15 feet east of appellant's property line. This fence was in existence at the time appellant and his wife purchased the property in 1958, and appellant believed that he owned all of the land to the west of the fence.
 {¶ 4} However, the removed portion of the fence was not located on the surveyed property line. The north end of the fence began approximately five and a half feet east of the property line and ran south diagonally approximately 72 feet until it intersected the property line. The disputed property is the strip of land between appellant's eastern property line and where the fence was located prior to its removal, which is approximately 15 feet in width.
 {¶ 5} On May 22, 2001, appellant filed a complaint, alleging that his continuous, exclusive, open, notorious, and adverse use of the disputed property in excess of 21 years entitled him to adverse possession. Appellant requested that the trial court find him to be the true and lawful owner of the property and the fence, and sought damages for the cost of replacing the fence. In response, appellees asserted that appellant had no property rights in the strip of property, and that because it existed on their surveyed property, they were free to remove it.
 {¶ 6} On July 13, 2001, appellant filed a motion for summary judgment, and on March 25, 2002, the trial court denied his motion, finding that a genuine issue of material fact existed as to appellant's claim of exclusive use of the disputed property. On November 1, 2002, following a bench trial, the trial court held that appellant failed to establish adverse possession over the disputed property. The court found that while appellant unquestionably used the property in an open, notorious, exclusive, and adverse manner, the exclusive use ceased when appellees acquired their property in 1988. Appellant appeals that decision, raising the following assignment of error:
 {¶ 7} "The trial court erred in finding that Clarence Judd failed to establish ownership of the disputed real estate by clear and convincing evidence of adverse possession."
 {¶ 8} Appellant argues that the trial court's decision is not supported by competent, credible evidence. If a trial court's decision regarding a claim of adverse possession is supported by some competent, credible evidence going to all of the essential elements of the case, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279, 280. An appellate court must be "guided by a presumption that the findings of the trier of fact were indeed correct."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 9} To acquire real property by adverse possession, a party must establish by clear and convincing evidence that possession of the land was open, notorious, exclusive, adverse, and continuous for more than 21 years. Grace v. Koch, 81 Ohio St.3d 577, 579, 1998-Ohio-607. The legal titleholder is entitled to a strong presumption that he is the legal owner of the property. Didday v. Bradburn (Feb. 22, 2000), Clermont App. Nos. CA99-05-049, CA99-06-059. Thus, the burden of establishing the elements necessary to acquire ownership by adverse possession rests heavily upon a person claiming such ownership. Id.
 {¶ 10} The trial court found that appellant presented sufficient evidence to prove that he used the disputed property in an open, notorious, and adverse manner. At trial, several witnesses testified that from 1958 through 1988 appellant and his family maintained and used the strip of property. Witnesses stated that appellant's children played on the strip of property, appellant mowed and allowed his cattle to graze on the land, appellant parked farm equipment on the land, and appellant's family used the land for parking during picnics and wedding receptions. Witnesses also testified that from 1958 until 1988, appellant and his family were the only people to maintain the strip of property. Further, appellant testified that he never asked permission to use this strip of property. Seeking permission was a strong factor that weighed against adverse possession in Grace v. Koch, 81 Ohio St.3d at 582. Here, appellant always thought he was the owner because the fence was there when he and his wife bought the property. They never dreamed they had to ask permission to use their own property.
 {¶ 11} However, the trial court found that "[t]hese uses occurred prior to [appellees'] 1988 acquisition of their property and subsequent planting of plot stakes. Any claim of exclusive use by the [appellant] ceased from the date [appellees] acquired their property, to the present." The court concluded by holding that because appellant ceased exclusively using the property in 1988, he had failed to meet the requirement of continuous, exclusive use for the 21-year period. We find this conclusion to be in error.
 {¶ 12} While appellee may have purchased the disputed property in 1988, appellant had already met the 21-year requirement because he had exclusively used the property for a continuous period of 30 years (1958-1988). An interruption in the use of property after the continuous 21-year period of open, notorious, exclusive, and adverse use does not defeat an adverse possession claim. See Rader v. Brock (Oct. 13, 1997), Preble App. No. CA97-03-007. Rather, once the statutory period enunciated in R.C. 2305.04 has expired, the former titleholder has lost his claim of ownership, and the adverse possessor is thereafter maintaining its possession. State ex rel. A.A.A. Investments v. City of Columbus (1985),17 Ohio St.3d 151, 152. Here, the cause of action accrued in 1958 and appellees' predecessor in title failed to bring an action to recover possession within the 21-year period.
 {¶ 13} When adverse possession is continued for a period of greater than 21 years, the rights of the record property owner are cut off, and those rights are vested in the adverse possessor. 2 Ohio Jurisprudence 3d (1998) 535, Adverse Possession, Section 113. When this occurs, the title of the record property owner is destroyed, and title is vested in the adverse possessor, as a perfect and indefeasible fee. Id.
 {¶ 14} When appellant began to use the strip of land in 1958 in an open, notorious, exclusive, and adverse manner, the 21-year period of continuous use began. Because appellant used the land in a continuous, open, notorious, exclusive, and adverse manner, title to the strip of property vested in him in 1979. When appellees purchased their property in 1988, title to this portion of the property had already been vested in appellant for approximately nine years. Whether appellees planted plot stakes on the property in 1988 or thereafter is of no consequence, as appellant was already the owner of the property.
 {¶ 15} We note that there was very little testimony before the trial court regarding "plot stakes." There is no evidence in the record indicating when appellees planted "plot stakes." Appellant's son, testifying about the details of a photograph, pointed out a stake planted by appellees on what they thought was the property line. However, he did not testify as to when the stake was planted. The trial court states in its opinion that appellee, Thirlon Jackson, in his opening statement before the trial court, referred to "line stakes" that were allegedly pulled out by appellant. It is well-settled that statements made during opening statements are not evidence. See Eller v. Wendy's Internatl.,Inc. (2000), 142 Ohio App.3d 321, 333; State v. Frazier, 73 Ohio St.3d 323,338, 1995-Ohio-235. Also, in their appellate brief, appellees claim that they "put in [l]ine [s]takes" when they purchased the property in 1988. However, there was no testimony before the trial court supporting that assertion. Therefore, the trial court did not have evidence before it from which it could determine that appellees planted plot stakes when they purchased the property in 1988.
 {¶ 16} Appellant has provided clear and convincing evidence that he used the 15-foot strip of property in an open, notorious, exclusive, adverse, and continuous manner for more than 21 years. Accordingly, appellant's assignment of error is well-taken. We reverse the trial court's judgment and find that appellant acquired the 15-foot strip of property by adverse possession. We remand to the trial court for a determination as to the amount of damages necessary to rebuild the 72-foot portion of the fence that appellees removed in 2001.
 {¶ 17} Judgment reversed and cause remanded to the trial court for further proceedings according to law and consistent with this opinion.
YOUNG, P.J., and WALSH, J., concur.