OPINION
{¶ 1} Plaintiff-appellant, Elizabeth Vaughn, appeals the decision of the Brown County Court of Common Pleas finding that she failed to establish adverse possession over certain real property. We reverse the decision and remand this matter for further proceedings.
 {¶ 2} Appellant and her late husband began renting a farm in Georgetown, Ohio in 1940, and purchased it in 1954. Since 1940, appellant has used a gravel driveway to access her home. This driveway abuts Old State Route 68 and extends from the road to her home. Beginning in 1954, appellant maintained and improved the gravel driveway and the grass-covered areas on both sides of the driveway. In 1962, appellant's husband installed cattle guards across the driveway and installed concrete walls and fence posts on both sides of the driveway.
 {¶ 3} In 1998, defendants-appellees, Thomas and Melissa Johnston, purchased property adjacent to appellant's property. When appellees surveyed the property, they discovered that a portion of appellant's driveway, the grass-covered area surrounding it, and a portion of one of the concrete walls are located on appellees' property. Appellant filed a complaint to quiet title to this property, alleging that her continuous, exclusive, open, notorious, and adverse use of the disputed property for more than 21 years entitles her to fee simple ownership of the property by adverse possession.
 {¶ 4} After a trial on August 6, 2003, the trial court found that appellant established by clear and convincing evidence that she had used the disputed property in an open, notorious, adverse, and continuous manner for more than 21 years. However, the court found that because appellant only used the disputed property for ingress and egress, she was not entitled to fee simple ownership of the property by adverse possession. Instead, the court found that appellant is entitled to a prescriptive easement over the disputed property. The court stated that appellant's use of the easement is unrestricted in scope, and ordered the easement to run with the land. Appellant appeals the trial court's decision, raising one assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The trial court erred in failing to find that appellant had adversely possessed property of appellee."
 {¶ 7} Appellant argues that she has established the requirements of adverse possession by clear and convincing evidence. Appellant maintains that she has been in actual possession of the property since 1954, and that she and her late husband exclusively possessed the disputed property in excess of 21 years.
 {¶ 8} If a trial court's decision regarding a claim of adverse possession is supported by some competent, credible evidence going to all essential elements of the case, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. MorrisCo. v. Foley Const. Co. (1978), 54 Ohio St.2d 279, 280. In reviewing a trial court's factual findings, an appellate court must be "guided by a presumption that the findings of the trier of fact were indeed correct."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 9} To acquire real property by adverse possession, a party must establish, by clear and convincing evidence, that she has possessed the land in an open, notorious, exclusive, adverse, and continuous manner for at least 21 years. Grace v. Koch, 81 Ohio St.3d 577, 579, 1998-Ohio-607. The legal titleholder is entitled to a strong presumption that he is the legal owner of the property. Judd v. Jackson, Butler App. No. CA02-11-291, 2003-Ohio-6383. Therefore, the burden of establishing the elements necessary to acquire title by adverse possession rests heavily upon the person claiming such ownership. Id.
 {¶ 10} In its decision, the trial court found that appellant has primarily used the disputed property for ingress and egress to access her property for more than 21 years. Although the court found that appellant's use of the property was open, notorious, adverse, and continuous for that time period, the court found that appellant failed to establish entitlement to the disputed property by adverse possession. According to the trial court, "the use to which [appellant] has put the disputed property over the period in question has been for ingress and egress. * * * Consequently, the Court finds that plaintiff has established her entitlement to the disputed property by prescriptive easement criteria, but not for fee simple ownership by adverse possession."
 {¶ 11} To establish the right to a prescriptive easement, the moving party must demonstrate that she has used the property openly, notoriously, and adversely to the servient property owner's rights for a continuous period of 21 years. Pence v. Darst (1989), 62 Ohio App.3d 32,37. The distinction between the elements required to acquire a prescriptive easement and those required to acquire title by adverse possession is limited to the land's exclusive use. Nusekabel v. CincinnatiPublic School Employees Credit Union, Inc. (1997), 125 Ohio App.3d 427,433-434. Acquiring an easement by prescription differs from acquiring title by adverse possession, in that exclusivity is not an element required to establish an easement by prescription. Portage Cty. Bd. ofCommrs. v. Akron, 156 Ohio App.3d 657, 689, 2004-Ohio-1665.
 {¶ 12} A review of the trial court's decision reveals that the court failed to address the element of exclusivity. Because the element that distinguishes adverse possession from a prescriptive easement is exclusive use, we find that the trial court erred in failing to make a finding as to whether appellant's use of the disputed property was exclusive for at least 21 years. The trial court made findings with respect to each element of adverse possession except for exclusive use, but concluded that appellant was not entitled to adverse possession because her use of the property was limited to ingress and egress. The trial court could properly find that appellant proved the requirements of a prescriptive easement but not the elements of adverse possession only if it found that appellant failed to prove her exclusive use of the property.
 {¶ 13} Further, the trial court's conclusion that appellant could not adversely possess a driveway merely by using it for the purpose of ingress and egress is incorrect. An individual who uses a portion of property as a driveway for ingress and egress will not acquire title to that property by adverse possession in all instances, but she can acquire title if such use is in concurrence with the elements of adverse possession. Adverse possession may be established by using the land in any way that the owner would normally use it. Thompson v. Hayslip (1991),74 Ohio App.3d 829, 833; Vanasdal v. Brinker (1985),27 Ohio App.3d 298, 299. If the owner of real property would use a portion of it for ingress and egress, and would maintain it by replenishing and grading the gravel and mowing the grass, an individual could obtain title to that property by adverse possession provided she uses the property in the same manner and satisfied the elements of adverse possession. See Vanasdal, 27 Ohio App.3d at 299; Beener v.Spahr (Dec. 15, 2000), Clark App. No. 2000-CA-40.
 {¶ 14} We reverse the trial court's decision finding that appellant has not established her entitlement to the disputed property by adverse possession. We remand this matter for the trial court to determine whether appellant's use of the disputed property was exclusive. If appellant demonstrates by clear and convincing evidence that her use of the property was indeed exclusive, and since the court has already found that she has satisfied the elements required for a prescriptive easement, she has acquired fee simple title to the disputed property by adverse possession.
 {¶ 15} Judgment reversed and remanded.
Powell, P.J., and Young, J., concur.