OPINION
{¶ 1} Defendants-appellants, Louis A. Zettler, Jr. and Louis A. Zettler, trustee,[1] appeal a judgment by the Butler County Court of Common Pleas to quiet title to a parcel of property through adverse possession. Judgment affirmed for the reasons outlined below.
 {¶ 2} Plaintiffs-appellees, Richard E. and Theresa Enderle, filed an action to quiet title to a 20-foot by 100-foot parcel of property ("the parcel") that adjoins their property in Fairfield, Ohio, arguing that they obtained the parcel through adverse possession. Enderles' general warranty deed contains the language that grants the Enderles an easement permitting the same 20 foot by 100 foot parcel at issue here to be used "for driveway purposes." Appellant holds title to the parcel and the adjacent property, which contains a small rental home.
 {¶ 3} The case was tried to a jury, which found that the Enderles had obtained the parcel by adverse possession. The trial court entered judgment for the Enderles and granted the Enderles "record title to the above described real estate." Appellant appealed, setting forth three assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY OVERRULING HIS MOTIONS FOR A DIRECTED VERDICT."
 {¶ 6} Appellant argues that directed verdicts should have been granted because evidence was lacking on the elements of adverse possession.
 {¶ 7} A review of the grant or denial of a motion for directed verdict is de novo. Gliner v. Saint-Gobain NortonIndus. Ceramics Corp., 89 Ohio St.3d 414, 415, 2000-Ohio-210. An appellate court reviewing a directed verdict motion must use the same standard of review applied by the trial court. Snider v.Nieberding, Clermont App. No. CA2002-12-105, 2003-Ohio-5715, ¶ 6. In other words, the evidence is construed most strongly for the nonmoving party, who is also given the benefit of all reasonable inferences from the evidence. Id. Under this standard, the motion must be denied if there is substantial evidence upon which reasonable minds could come to different conclusions on the essential elements of the claim. Civ. R. 50(A)(4); Grau v.Kleinschmidt (1987), 31 Ohio St.3d 84, 90. The court should consider neither the weight of the evidence nor the credibility of the witnesses. Estate of Cowling v. Estate of Cowling,109 Ohio St.3d 276, 2006-Ohio-2418, ¶ 31.
 {¶ 8} To acquire real property by adverse possession, a party must establish, by clear and convincing evidence, that he has possessed the land in an open, notorious, exclusive, adverse, and continuous manner for at least 21 years. Grace v. Koch,81 Ohio St.3d 577, 579, 1998-Ohio-607. Each case of adverse possession turns upon its own particular set of facts. Didday v. Bradburn
(Feb. 22, 2000), Clermont App. Nos. CA99-05-049, CA99-06-059. The burden of establishing the elements necessary to acquire title by adverse possession rests heavily upon the person claiming such ownership. Vaughn v. Johnston, Brown App. No. CA2004-06-009,2005-Ohio-942, ¶ 9.
 {¶ 9} It appears from the appellate brief that appellant specifically attacks the proof of exclusive and adverse components of adverse possession.
 {¶ 10} A use is exclusive where the possessor shows "an exclusive dominion over the land and an appropriation of it to his own use and benefit." Ford v. Estate of Tonti (Nov. 24, 1992), Franklin App. No. 91AP-715, quoting Black's Law Dictionary (5 Ed.Rev. 1979), 507. "Exclusive" means sole physical occupancy, an assertion of ownership of the premises to the exclusion of the rights of the real owner [citations omitted]. Houck v. Bd. ofPark Commrs., Huron Cty. Park Dist., Huron App. No. H-05-018,2006-Ohio-2488, ¶ 25.
 {¶ 11} Ohio courts have upheld a finding of adverse possession where the adverse possessor used the land in a manner similar to an actual owner. Hill v. Cignoni (June 18, 1993), Lawrence App. No. 92 CA 19; Fulton v. Rapp (App. 1950), 59 Ohio Law Abs. 105.
 {¶ 12} Use of land is adverse if the user does not recognize an authority in another "either to prevent or to permit" the continuance of the use. Ford v. Estate of Tonti, quoting Black's Law Dictionary at 49. It is the visible and adverse possession with an intent to possess that constitutes its adverse character, and not the remote motives or purposes of the occupant. Humphries v. Huffman (1878), 33 Ohio St. 395,402-403. There must have been an intention on the part of the person in possession to claim title, "so manifested by his declarations or his acts, that a failure of the owner to prosecute within the time limited, raises a presumption of an extinguishment or a surrender of his claim." Grace v. Koch,81 Ohio St.3d at 581; see, also, Bravard v. Curran,155 Ohio App.3d 713, 2004-Ohio-181, ¶ 11 (merely mowing the grass or engaging in minor landscaping is insufficient in itself to establish adverse possession).
 {¶ 13} There is no dispute in this case that the Enderles received a deed that described an easement that provided permission to use the parcel for driveway purposes. There is also no dispute that the deeds of each of the Enderles' predecessors in interest contained the easement for driveway purposes.
 {¶ 14} The Enderles obtained possession of their property in 1993. In order to establish the necessary 21-year period, a party may add to his own term of adverse use any period of adverse use by prior succeeding owners in privity with one another. Zipf v.Dalgarn (1926), 114 Ohio St. 291, syllabus. In an effort to meet the 21-year requirement, the Enderles presented the testimony of two of their predecessors in interest, the Pfisters, who sold the property to the Pinkstons, who, in turn, sold the property to the Enderles.
 {¶ 15} Both predecessors testified that they believed that the parcel was part of their property, which they acquired and transferred to subsequent owners. They did not indicate an understanding that they utilized the parcel under authority of the easement, although the easement was part of their deeds.
 {¶ 16} The Pfisters testified that they bought their property in March 1978 and when they moved in, a chain-link fence was already installed, running between their property and the adjoining yard with the little rental home. The two predecessors and the Enderles indicated that this fence existed when they acquired the property and they believed the fence marked the boundary line that separated their property from the adjoining property that appellant subsequently obtained.
 {¶ 17} The Pfisters testified that they treated the parcel as part of their property and erected another fence perpendicular to the existing fence to enclose their yard for their small children. They indicated that their children played on the parcel and they maintained the parcel.
 {¶ 18} The Pinkstons testified that the parcel was used as part of their yard, which included parties and children's play. Testimony was presented that the Pinkstons built and installed a firewood storage unit and a children's playground set, and planted flowers in that area.
 {¶ 19} The Enderles testified about the manner in which they utilized the parcel, from parking and storing vehicles and a lawnmower to installing a dog kennel. They also indicated that their children played on the parcel, their family dog was buried on the parcel, and they maintained and blacktopped the paved portion of the parcel.
 {¶ 20} The Enderles and the two previous owners testified that they openly used the parcel, and did not ask anyone's permission to either use the parcel or to maintain it because they considered it their property. They also testified that no one else used the parcel. The Enderles claimed that they were not aware that they did not own the parcel and could not use it however they wished until appellant raised the issue in 2001.
 {¶ 21} Appellant stresses that a directed verdict should have been granted because the Enderles failed to show the elements of adverse possession of the parcel, given the fact that an easement for driveway purposes already existed on the parcel. For purposes of this appeal, appellant separates the parcel into two portions, the paved driveway and the grass area, and asks this court to rule on whether the trial court erred in overruling his motions for a directed verdict on each of the separated portions.
 {¶ 22} Addressing both of appellant's issues together, and construing the evidence most favorably for the nonmoving party on appellant's trial motions for a directed verdict, we find that there was substantial evidence upon which reasonable minds could come to different conclusions on the essential elements of the claim. See Yetzer v. Thoman (1866), 17 Ohio St. 130, 132 (party establishes an actual, notorious, continuous and exclusive possession of land for a period of 21-years, he acquires a title to the land; and this, irrespective of any question of motive or of mistake). Accordingly, the trial court did not err in overruling the motions for a directed verdict and appellant's first assignment of error is overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "THE VERDICT OF THE JURY FINDING ADVERSE POSSESSION OF THE SUBJECT EASEMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
 {¶ 25} If a trial court's decision regarding a claim of adverse possession is supported by some competent, credible evidence going to all essential elements of the case, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. See C.E. Morris Co. v. Foley Const. Co.
(1978), 54 Ohio St.2d 279, 280. If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment. Estate of Barbieri v. Evans (1998),127 Ohio App.3d 207, 211. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 26} We have outlined most of the evidence presented by the Enderles regarding their adverse possession claim. Appellant testified that the subject parcel and his property in general were discussed numerous times with the Enderles, and some of those conversations, appellant asserts, took place before 2001.
 {¶ 27} While the Enderles presented evidence that no one but the Enderles and their predecessors in interest used the parcel, appellant presented evidence that the Enderles and their predecessors did not affirmatively act to exclude anyone from also using the parcel.
 {¶ 28} Clearly there was conflicting testimony regarding the discussions between the parties concerning the parcel. Appellant repeatedly asserted that the permissive nature of the easement for driveway purposes precluded a finding of adverse possession. Appellant emphasized that no testimony was ever presented on the circumstances for and reasoning behind the installation of the original fence between the properties. The Enderles, on the other hand, maintained that evidence was presented to show that the parcel was used beyond the purpose of the driveway easement for long-term parking, storage, and social activities, to the exclusion of appellant's adjoining property for at least 21 years.
 {¶ 29} We find there is competent, credible evidence in the record going to all of the essential elements of the case and the trial court did not err in rendering its judgment on the jury's verdict. C.f., Yetzer v. Thoman, 17 Ohio St. at 132; c.f.,Judd v. Jackson, Butler App. No. CA2002-11-291, 2003-Ohio-6383, ¶ 10 (where seeking permission is a strong factor that weighs against adverse possession; appellant never requested permission and always thought he was the owner because the fence was there when he and his wife bought the property); see, also, Rader v.Brock (Oct. 13, 1997), Preble App. No. CA97-03-007 (setting property off by a fence can be found sufficient to support claim for adverse possession); c.f. Ault v. Prairie FarmersCo-Operative Co. (Sept. 25, 1981), Wood App. No. WD-81-21 (possession or use of land that is originally permissive may be changed into adverse possession by open and intentional acts adverse to rights of original owner).
 {¶ 30} Appellant's second assignment of error is overruled.
 {¶ 31} Assignment of Error No. 3:
 {¶ 32} "THE COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY NOT GIVING APPELLANT'S INSTRUCTION NO. 2 AND NO. 3 DEFINING THE APPLICATION OF AN EASEMENT AND THE APPLICATION OF AN EASEMENT TO THE FACTS PRESENTED."
 {¶ 33} Appellant argues that his two proposed instructions to the jury should have been utilized by the trial court in its charge to the jury.
 {¶ 34} A trial court must fully and completely give jury instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as fact finder. Kleinv. Brothers Masonry, Inc., Lucas App. No. L-02-1080, 2003-Ohio-3098, ¶ 43, citing State v. Comen (1990),50 Ohio St.3d 206, paragraph two of the syllabus.
 {¶ 35} A trial court has the duty to instruct the jury as to the applicable law on all issues presented in the case that are supported by the evidence. Marshall v. Gibson (1985),19 Ohio St.3d 10, 12. It is within the sound discretion of the trial court to determine whether a jury instruction is relevant.Servenack v. Sturgeon, Mahoning App. No. 99-CA53, 2001-Ohio-3406, citing Bostic v. Connor (1988),37 Ohio St.3d 144, paragraph two of syllabus (it is within the sound discretion of a trial court to refuse to admit proposed jury instructions which are either redundant or immaterial to the case).
 {¶ 36} When considering the appropriateness of a jury instruction, the reviewing court must view the instructions as a whole. The trial court does not commit reversible error if the instructions are sufficiently clear to enable the jury to understand the law as applied to the facts. Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207, 210.
 {¶ 37} An appellate court will reverse a trial court's refusal to give a proposed jury instruction only if the trial court abused its discretion, and, if so, only if that refusal was prejudicial to the complaining party. Jaworowski v. Med.Radiation Consultants (1991), 71 Ohio App.3d 320, 327; Ballardv. Wal-Mart Stores, Inc. (Jan. 11, 1999), Warren App. No. CA98-05-014. The jury charge, as a whole, must be so misleading and prejudicial as to induce an erroneous verdict. Ballard.
 {¶ 38} Even if the requested instructions are technically correct and pertinent statements of law, the court may refuse to give certain instructions on the ground that they unduly emphasize one side of the case. Martin v. Dayton Power LightCo. (1958), 107 Ohio App. 19, 20; Harrell v. United ParcelService, Inc. (June 1, 1992), Butler App. No. CA91-07-116.
 {¶ 39} The record reveals a discussion at the bench and on the record regarding the jury charge. The record also indicates that discussions took place that were not made part of the record. It does not appear that either party asked the trial court to define an easement for the jury. We also could not locate in the record a discussion specifically focused on appellant's two proposed instructions. However, the record is clear that appellant proffered the following two instructions after the trial court presented the charge to counsel and the proposed instructions were not included therein.
 {¶ 40} Appellant's proposed instruction No. 2 stated, "Unless the Plaintiffs prohibited the Defendant from the use of the easement, the actual use, limited use or non-use of the easement by the Defendant is of no consequence regarding adverse possession. In order to destroy an easement by adverse use, the use must be adverse to the enjoyment of such easement by the owner thereof; it must be a denial of right in the owner of the easement to use it for the purposes thereof. [citations omitted]."
 {¶ 41} Appellant's proposed instruction No. 3, stated, "The use of an easement according to its terms is presumed not to be adverse to the owner of the title; to the contrary, the use is presumed to be only a right granted to the user. [citations omitted]."
 {¶ 42} The trial court's instructions provided the jury with the definition of adverse possession and defined the elements of adverse possession. The trial court instructed the jury as follows: "Use of property alone is not sufficient to support a claim for adverse possession and in considering the use of real property you must consider and apply each of the tests for adverse possession that I have given you." "You will return a verdict for the plaintiff if you find by clear and convincing evidence that the plaintiff and the plaintiff's predecessors have been in actual, open, notorious, continuous, hostile, and exclusive possession of the land for at least 21 years. If you find that the plaintiff failed to prove any of these facts by clear and convincing evidence, then you will return a verdict for the defendant."
 {¶ 43} The instructions next stated, "If you find the use is consistent with the grant of the easement, adverse possession is not proved."[2] "If you find the use is greater than the grant in the easement, adverse possession is proved if you find all the elements for adverse possession has been met [sic]."
 {¶ 44} The instructions given to the jury did not include appellant's two instructions, but the instructions given did convey the idea that the use of the property alone is not sufficient to support a claim for adverse possession and that a use consistent with the grant of the easement would not prove adverse possession.
 {¶ 45} We find that the trial court did not abuse its discretion when it refused to give the two requested instructions, and cannot find that the jury charge, as a whole, was so misleading and prejudicial as to induce an erroneous verdict. Appellant's third assignment of error is overruled.
 {¶ 46} Judgment affirmed.
Powell, P.J., concurs.
Walsh, J., dissents.
[1] For ease of discussion, we will refer to appellant in the singular for this opinion.
[2] We note that appellant discussed and approved this statement of the trial court regarding use consistent with the easement.