[Cite as *State v. Spencer*, 2018-Ohio-641.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-04-020 |
| - vs - | : | O P I N I O N<br>2/20/2018 |
| | : | |
| JEROME SPENCER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016 CR 000727

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Jerome Spencer, appeals his conviction for felonious assault in the Clermont County Court of Common Pleas. For the reasons set forth below, we affirm his conviction.

{¶ 2} On December 15, 2016, the Clermont County Grand Jury returned a four-count indictment charging Spencer with one count each of felony aggravated robbery, felonious

and misdemeanor assault, and felony robbery. The matter proceeded to a three-day jury trial in March 2017. The trial revealed the following facts.

{¶ 3} On December 3, 2016, Spencer participated as a driver for what he described as a "bootleg" ride service facilitated through social media. Spencer picked up Jadon Crawford and proceeded to drive him from a location in Hamilton County to Crawford's grandmother's apartment in Clermont County. Spencer and Crawford had never met before. Crawford informed Spencer that he needed to retrieve money from his grandmother's apartment and that he knew someone who sells marijuana. Upon arriving at the destination, Crawford entered his grandmother's apartment, while Spencer waited outside in the vehicle. Crawford and his grandmother exited the apartment and Spencer drove the two to the grocery store and back. Crawford's grandmother exited the vehicle and returned to her apartment, while Crawford stayed with Spencer.

{¶ 4} Instantaneous with Crawford's grandmother's exit of the vehicle, Tiffany Peacock and Megan Howard entered the back seat of the vehicle. Next, Spencer and the two female passengers proceeded with a marijuana transaction. Upon exchanging money for marijuana, Spencer expressed displeasure with the amount of marijuana he purchased with respect to the money he provided to the two female passengers. Spencer asked the two female passengers to return his money and they refused. Attempting to regain his money, Spencer reached into the backseat to grab Peacock's purse. Spencer told police that "once they wasn't [sic] trying to get [sic] my money back, shit, I just reached in the back and punched them and all that."

{¶ 5} Peacock did not surrender possession of the purse and Spencer began punching Peacock. Spencer stated he was being as aggressive as possible to regain possession of his money. Howard attempted to defuse the physical altercation by grabbing Peacock. Howard successfully pulled Peacock out of the vehicle. At this point, Peacock still

- 2 -

possessed the purse. Spencer told police that he "climbed through the seat, * * * trying to punch them and * * * get the bag * * *." This resulted in Spencer "going all the way through the seat * * * [and] out of the car, hitting them, and trying to fight * * *." Spencer grabbed the purse and returned to his vehicle. Some of the purse's contents spilled onto the ground outside the vehicle.

{¶ 6} Before Spencer left the parking lot of the apartment, Peacock reentered the vehicle and ripped the keys out of the vehicle's ignition. In response, Spencer told police that he "was just like, fuck it[, and] tried to run back around [the vehicle] and fight [Peacock and Howard] some more * * *." Spencer described the physical altercation as "back and forth", acknowledged punching Peacock and Howard, "scratching their eyes", and kicking one of the female passengers in the head, while the other tried to shield the blows with her body. Spencer stated he "just blacked out, and [was] just, like, what the fuck?"

{¶ 7} Howard corroborated the circumstances surrounding the physical altercation and stated Spencer knocked Peacock to the ground and began kicking Peacock in the face. Howard attempted to shield the blows and pleaded with Spencer to cease, but Spencer kept attacking and kicking the girls. Howard suffered a brain bleed and a head laceration, which required nine staples. Peacock also suffered facial injuries. A neighbor witnessed the portion of the physical altercation that occurred outside of the vehicle. The neighbor described the altercation to the police dispatcher as a male beating up two girls, punching and kicking them in the face.

{¶ 8} Spencer requested an instruction regarding aggravated assault, an inferior charge to felonious assault. After hearing argument from the state and Spencer, the trial court denied Spencer's request and did not provide such instruction in its final jury instructions. The jury returned a verdict of guilty for the felonious and misdemeanor assault charges and not guilty on the robbery charges. On March 8, 2017, the trial court imposed a

six-year prison term for the felonious assault conviction and a six-month prison term for the misdemeanor assault conviction. The trial court imposed the prison terms to run concurrently.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN FAILING TO PROVIDE THE JURY WITH AN INSTRUCTION ON THE INFERIOR OFFENSE OF AGGRAVATED ASSAULT.

{¶ 11} Spencer contends the trial court abused its discretion by denying his request to provide the jury with an instruction on the inferior offense of aggravated assault. In so doing, Spencer argues there was sufficient evidence presented for the jury to reasonably find him not guilty of felonious assault and guilty of aggravated assault.

{¶ 12} Spencer requested a jury instruction on aggravated assault pursuant to R.C. 2903.12(A), which provides, in pertinent part, "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) [c]ause serious physical harm to another * * *. Whereas, a person is guilty of felonious assault if the person "knowingly * * * [c]ause[s] serious physical harm to another * * *." R.C. 2903.11(A)(1). "Because the elements of aggravated assault are identical to the elements of felonious assault, except for the additional mitigating element of provocation, aggravated assault is an offense of an inferior degree of felonious assault." *State v. McOsker*, 12th Dist. Clermont No. CA2016-05-025, 2017-Ohio-247, ¶ 14.

{¶ 13} In deciding whether to give an instruction on an inferior degree offense, the trial court must view the evidence in a light most favorable to the defendant. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 192. An appellate court will reverse a trial court's refusal to give a proposed jury instruction where the trial court abused its discretion and the

- 4 -

omission of the instruction was prejudicial to the complaining party. *Enderle v. Zettler*, 12th Dist. Butler No. CA2005-11-484, 2006-Ohio-4326, ¶ 37. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14.

{¶ 14} A judge must provide a jury instruction on an inferior degree offense if it is possible for the trier of fact, under any reasonable view of the evidence, to find the defendant not guilty of the greater offense and guilty of the inferior offense. *McOsker* at ¶ 15. "Thus, in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation (such that a jury could both reasonably acquit defendant of felonious assault and convict defendant of aggravated assault), an instruction on aggravated assault * * * *must* be given." (Emphasis sic.) *State v. Deem*, 40 Ohio St.3d 205, 211 (1988), *abrogated in part on other grounds by State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 4-5.

{¶ 15} "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force." *Id.* at paragraph five of the syllabus. "In determining whether the provocation is reasonably sufficient to bring on sudden passion or a sudden fit of rage, an objective standard must [first] be applied." *State v. Shane*, 63 Ohio St.3d 630, 634 (1992). Under an objective standard, "the provocation must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *McOsker* at ¶ 16. If insufficient evidence of provocation is presented, so that no reasonable jury would decide that a defendant was reasonably provoked by the victim, the trial judge must, as a matter of law, refuse to give the aggravated assault instruction. *Id.* If the defendant fails to meet the objective portion of the test, the court need not analyze the subjective portion of the test. *Id.*

{¶ 16} However, if the objective standard is met, "the inquiry shifts to a subjective

standard, to determine whether the defendant in the particular case 'actually was under the influence of sudden passion or in a sudden fit of rage.'" *State v. Mack*, 82 Ohio St.3d 198, 201 (1998), quoting *Shane* at 635. In so doing, the trial court must consider the "emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *Deem* at 211.

{¶ 17} In the present case, we find that the trial court did not err in denying Spencer's request for an aggravated assault jury instruction. Spencer presented insufficient evidence, as a matter of law, to support an acquittal on felonious assault and a conviction on aggravated assault. The totality of the evidence presented at trial, even when viewed in a light most favorable to Spencer, did not raise a possibility of serious provocation occasioned by the victims.

{¶ 18} Spencer submits there is sufficient evidence of serious provocation to warrant an aggravated assault instruction. Spencer contends he and the two female passengers were engaged in mutual combat and, because of this mutual combat, he was a victim of assault. *See Shane* at 635 (listing mutual combat as a "classic example" of serious provocation in a voluntary manslaughter situation).

{¶ 19} However, a thorough review of the record clearly does not support Spencer's contention. Viewing the evidence in a light most favorable to Spencer, the record is devoid of any indication the actions of the two female passengers were reasonably sufficient to arouse the passions of an ordinary person beyond his or her control. Rather, Spencer justified engaging in physical violence with the two female passengers because he felt he was not getting an adequate quantity of marijuana in the drug exchange. Therefore, he "aggressively" grabbed at Peacock's purse and began punching the two female passengers to regain possession of his money. Even assuming the two female passengers provided less marijuana than agreed upon in the drug transaction, thereby "ripping off" Spencer, theft of

- 6 -

personal property is not sufficient to demonstrate serious provocation. *State v. Smith*, 12th Dist. Fayette No. CA2007-10-35, 2008-Ohio-5931, ¶ 25-26. Specifically, this court in *Smith* held that theft in a drug transaction does not equate to serious provocation. *Id.* at ¶ 14, 25-26.

{¶ 20} Additionally, Spencer's contention the physical altercation constituted mutual combat and was therefore a "classic example" of serious provocation is without merit. The record reflects that upon the two female passengers' refusal to refund the money, Spencer began punching them. Spencer climbed through the seat to continue punching them and continued with the physical altercation outside of the vehicle by punching and kicking the two female passengers as they lay on the ground attempting to shield his blows. Spencer testified the two female passengers resisted his attempts to grab the purse, returned punches and scratched him, and in the struggle for the purse pulled him from the vehicle. However, "a victim's simple pushing or punching does not constitute sufficient provocation to warrant an aggravated assault instruction." *State v. Shepherd*, 12th Dist. Butler No. CA2015-11-187, 2017-Ohio-328, ¶ 31. By Spencer's admission, clearly the physical aspect of the altercation began when Spencer "reached in the back and punched them and all that", and continued with Spencer kicking and punching the female passengers as they lay defenseless on the ground.

{¶ 21} Assuming arguendo, Spencer met his burden with respect to the objective portion of the serious provocation test, he failed to meet the subjective portion of the test. Spencer contends he was "pushed to the point where deadly force might be necessary in order to safely extricate himself from this situation[,]" as he could "reasonably believe that he [was] in some serious peril, perhaps deadly peril." However, the record demonstrates no indication Spencer believed he was in any kind of peril. Rather, the record reflects that Spencer believed he was being scammed by paying money for a larger quantity of marijuana

than the two female passengers provided. In response, he punched the two women until he perceived that they did not want to fight anymore. Then, he retrieved the purse and returned to his vehicle. Upon Peacock reentering the vehicle and removing the keys from the ignition, Spencer "was just like fuck it[, and] tried to run back around [the vehicle] and fight [Peacock and Howard] some more." Thus, the record does not reflect that Spencer used forced to safely extricate himself from the situation, but rather, "aggressively" used force to regain possession of the money from the drug transaction, and then, persisted in using force when the two females lay on the ground defenseless. Even construing Spencer's aggressive response as a product of fear of being scammed, "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage." *State v. Mack*, 82 Ohio St.3d 198, 201 (1998). Therefore, the trial court did not abuse its discretion in finding Spencer failed to demonstrate serious provocation warranting an aggravated assault instruction.

{¶ 22} Accordingly, Spencer's sole assignment of error is overruled.

{¶ 23} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.