By the Court.
 

 The plaintiffs in error assert that various prejudicial errors of law occurred in the judgment of the Court of Appeals. These alleged errors, according to the plaintiffs in error, involve questions which are substantially as follows:
 

 (1) Will equitable partition be enforced where possession is taken and maintained for 35 years?
 

 (2) Under Section 11901, General Code, does the statute of limitations start to run against a
 
 remainderman
 
 who has knowledge of possession by an adverse claimant?
 

 (3) Are defendants in error estopped by their neglect to protest against the visible and notorious possession of the son and his family, and their improvement of the property, and by their own failure to invoke their remedy under the statute?
 

 (4) Had the probate court jurisdiction over the subject-matter, and was not its apparent jurisdiction under the petition ousted by the answer and the evidence?
 

 (5) Was it error in the court to order the sale of improvements made by plaintiffs in error, on the ground that they constituted part of the estate of the decedent?
 

 Several of these questions are disposed of by
 
 *582
 
 the record. As to the first contention, since there is no finding of facts before us, we cannot tell that the trial courts found that equitable partition had been made. There was evidence to the effect that Samuel M. Dobbs, with the consent of his mother, the life tenant, built a two-room house upon the acre he now claims. The evidence exhibits no express approval upon the part of the other co-tenants.
 

 There is evidence tending to establish that the brothers and sisters at a meeting held after Samuel M. Dobbs had built the two-room house, refused to sign deeds releasing to Samuel Dobbs their interest in this one acre.
 

 The lower courts, therefore, may well have found upon the evidence that equitable partition had not taken place, and this question is not before us.
 

 Plaintiffs in error ground their second objection opon the fact that defendants in error at no time instituted an action against plaintiffs-in error, under Section 11901, General Code, which, in substance, reads:
 

 “An action may be brought by a person in possession of real property * * * against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest; or * * * by a person out of possession, having, or claiming to have, an estate or interest in remainder or reversion in real property, against any person who claims to have an estate or interest therein, adverse to him, for the purpose of determining the interests of the parties therein.”
 

 
 *583
 
 This question also is not before us here. The evidence shows that the possession of the plaintiffs in error did not of itself constitute an adverse claim, as distinguished from an express claim of ownership, for the reason that the widow, the life tenant, lived upon the 8 acres in question as life tenant until 1919. Plaintiffs in error cannot therefore claim adverse possession because the statute does not begin to run against the remainderman until the life estate has terminated. No possession can be deemed adverse to a party who has not at the time the right of entry and possession.
 
 Webster
 
 v.
 
 Pittsburg, Cleveland & Toledo Rd. Co.,
 
 78 Ohio St., 87, 84 N. E., 592, 15 L. R. A. (N. S.), 1154.
 

 Moreover, under the evidence, Samuel M. Dobbs made no claim, and committed no overt act, which clearly showed that he was asserting a right to the acre in question to the exclusion of the rights of the defendants in error. His ownership was consistent with the theory that he was building the house by arrangement with his mother, the life tenant, upon the assumption that the life tenancy was to continue for a considerable period.
 

 Under the decision in
 
 Youngs
 
 v.
 
 Heffner,
 
 36 Ohio St., 232, these facts do not constitute adverse possession, nor an adverse claim, on the part of plaintiffs in error.
 

 The same facts are decisive of the third question raised here. The defendants in error were not estopped by their neglect to protest an occupation which was consistent with a right to possession of the premises, derived not from exclusive adverse possession, but from contract with
 
 *584
 
 the life tenant, not adverse to the rights of' the defendants in error.
 

 Under the fourth question the plaintiffs in error claim that the prohate court had no jurisdiction over the subject-matter of this action. This contention has been decided against the plaintiffs in error in a similar case.
 
 Doan
 
 v.
 
 Biteley,
 
 49 Ohio St., 588, 32 N. E., 600.
 

 Plaintiffs in error finally claim that the court had no power to sell the improvements made on the acre in question as part of the estate of the decedent. However, under the record, the occupancy of the plaintiffs in error may have been an occupancy derived from a contract with the life tenant, the widow. If so, plaintiff in error, Laura Dobbs Stein, has the rights of the widow, and her rights only, in the land. The widow, Bebecca Dobbs, would have had no right to recover from the remainderman for improvements made during her possession under the life estate, and a party whose rights are derived from contract with the life tenant is entitled to no greater right. 13 L. R. A. (N. S.), 514, note;
 
 Taylor
 
 v.
 
 Foster’s Admr.,
 
 22 Ohio St., 255;
 
 Haflick
 
 v.
 
 Stober,
 
 11 Ohio St., 482.
 

 There being no finding of facts by the Court of Appeals, and the evidence in the record justifying its conclusion the judgment is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.