DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the April 10, 2006 judgment of the Erie County Court of Common Pleas, which granted summary judgment to appellees, Jeffrey and Wendy Zabor, and denied summary judgment to appellants, William and Elizabeth Hempel. Upon consideration of the assignments of error, we affirm the decision of the lower court. The Hempels assert the following assignments of error on appeal: *Page 2 
 {¶ 2} "1. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT AS THERE EXISTED A GENUINE ISSUE OF MATERIAL FACT AND APPELLEES WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 {¶ 3} "2. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANTS' MOTION FOR SUMMARY JUDGMENT AS THERE DID NOT EXIST ANY GENUINE ISSUE OF MATERIAL FACT AND APPELLANT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 {¶ 4} The Hempels brought a declaratory judgment action and sought a preliminary injunction and monetary damages against their neighbors, the Zabors. The Hempels sought a declaration that they have acquired title to or an easement over a portion of the Zabors' property located in Vermilion, Ohio. The Hempels also sought an injunction to prevent the Zabors from interfering with the Hempels' use of their back patio and their use of a portion of another parcel of the Zabors' property. The Hempels sought compensatory damages because of damage allegedly caused to their property by the Zabors.
 {¶ 5} The properties at issue are located in Linwood Park Subdivision. The subdivision consists of cottages, which are generally occupied only in the summer months. The Hempels have a permanent leasehold interest in Lot No. 9 of Block 14. They acquired their interest from Lois Moelter in 1989. Moelter had owned her interest since at least 1964, having acquired it from her parents who are the original builders of *Page 3 
the cottage on the lot. The Zabors have a permanent leasehold in three parcels: (1) the north half of Lot No. 12 of Block 14; (2) Lot No. 13 of Block 14 (which is not directly involved in this case); and (3) Lot No. 8 of Block 14. The rear lot lines of all the lots in Block 14 share a common line. The Hempels' Lot No. 9 and the Zabors' Lot No. 8 share a common side lot line. The Hempels' Lot No. 9 and the Zabors' northern half of Lot No. 12 share a common rear lot line.
 {¶ 6} The first issue in the case was the location of the common rear lot line and whether the Hempels' use of a concrete patio behind their cottage (measuring 3 feet, 6 inches x 50 feet), which laid over the rear property line between Lot No. 9 and the Zabors' half of Lot No. 12, had been acquired by the Hempels by adverse possession. The second claim involved the side boundary line between Lot No. 9 and Lot No. 8. The Zabors claim that the lot line is 30 inches from the sidewall of the Hempels' cottage and 12 inches from the chimney. The Hempels alleged that for 40 years they and their predecessors in title have used the property six feet from their cottage. The third claim was that the Hempels had acquired an easement by prescription, based upon more than 21 years of use, to portions of the southern side of Lot No. 8 for ingress to and egress from the rear of their cottage to Linden Street for performance of maintenance and repairs to the north side of their cottage and for landscaping plants along the northern side of the cottage. The Zabors had acquired approval to construct a fence along what they believe to be the side lot line, which the Hempels assert will cause them substantial and irreparable harm. The fourth claim was that the Zabors raised the grade level of their *Page 4 
property on Lot No. 8, resulting in an excessive amount of water to flood onto the Hempels' property impeding the natural flow of the surface water on their Lot No. 9.
 {¶ 7} A hearing on the motion for a preliminary injunction was held on October 7, 2004 and January 14, 2005. The trial court found that the Hempels had acquired the property covered by the patio behind their cottage by adverse possession and granted their motion for a preliminary injunction to prohibit the Zabors from removing the concrete patio, installing a fence between the properties, grading Lot No. 8 so as to cause water to accumulate on the Hempels' property, and from prohibiting the Hempels from using the properties at issue. The Zabors sought an appeal from that decision, which was dismissed by this court because it was not a final, appealable order.
 {¶ 8} The Hempels then moved for partial summary judgment on the issue of whether they had acquired the properties at issue by adverse possession and that the Zabors were barred from asserting a claim of ownership based under the doctrine of laches. The Zabors also moved for summary judgment on the issue of whether the Hempels had sufficient evidence to support their claim of adverse possession to warrant a permanent injunction.
 {¶ 9} In an April 10, 2006 judgment, the trial court granted summary judgment to the Zabors and denied summary judgment to the Hempels. The court found that there was no evidence of exclusive possession of the area by the Hempels and their predecessor in title. There was, however, evidence that guests and neighbors used a clothesline running between the houses, people walked or rode bikes between the cottages, and the *Page 5 
predecessor in title admitted to the contractor who poured the concrete patio that she did not own the entire area of the new patio. As to the property alongside the Hempels' cottage, the court found that the Hempels' maintenance of the area was not sufficient to trigger adverse possession. Furthermore, prior to 1989, Mr. Hempel was given permission by a renter of Lot No. 8 to go onto the property to trim bushes. The court included Civ.R. 54(B) language and indicated that the judgment was intended as a final order as to the claim of adverse possession. The Hempels sought an appeal from this decision.
 {¶ 10} In their first assignment of error, the Hempels argue that the trial court erred by granting summary judgment when there were genuine issues of material fact regarding the Hempels' adverse use of the patio and side yard. Alternatively, in their second assignment of error, the Hempels argue that the undisputed facts demonstrate that they were entitled to summary judgment.
 {¶ 11} Upon a review of the legal issues in this case, we conclude that summary judgment in favor of the Zabors was appropriate in this case but for reasons different than that indicated by the trial court.State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92.
 {¶ 12} Application of the doctrine of adverse possession results in "a legal titleholder forfeiting ownership to an adverse holder without compensation." Grace v. Koch (1998), 81 Ohio St.3d 577, 580. The transfer of a permanent leasehold estate, renewable forever, is not a fee simple estate even though several Ohio statutes expressly *Page 6 
treat it as such. Rawson v. Brown (1922), 104 Ohio St. 537, syllabus. See, also, Brady Area Residents Assn. v. Franklin Twp. Zoning Bd. ofAppeals (1992), 11th Dist. No. 92-P-0034. Under such an estate, the lessor and his heirs, devisees, or assigns retain the fee simple interest in the property. Id. The fee simple owner retains a possibility of reverter, the right to receive rent, and the right to enforce other covenants in the lease. Welfare Federation of Cleveland v. Glander
(1945), 146 Ohio St. 146, paragraph 5 of the syllabus. Because the lessee does not own the fee simple estate, we find that the principles of adverse possession are not applicable to a dispute between leaseholders regarding the extent of the property they can possess.
 {¶ 13} As noted by both parties, adverse possession does not begin to run against the rights of a person holding a remainder or reversionary interest until they have possession of the property. Stein v. White
(1924), 109 Ohio St. 578, citing Webster v. Pittsburg, Cleveland Toledo RR. (1908), 78 Ohio St. 87, syllabus. If we would hold that an adverse possession claim could be asserted against a permanent leaseholder, the reversionary interest is lost. In the case before us, Linwood Park does not ultimately lose its reversionary interest in the two properties as a whole since the Hempels also only hold a leasehold. However, had the plaintiff been a neighboring landowner, Linwood's reversionary interest would have been lost. For this reason, we conclude that a claim of title acquired by adverse possession cannot be asserted against a 99-year permanent leaseholder. *Page 7 
 {¶ 14} Therefore, we find appellants' first and second assignments of error not well-taken.
 {¶ 15} Having found that the trial court did not commit error prejudicial to appellants, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1