[Cite as *Barrett v. Wilmington*, 2016-Ohio-2776.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY


| | | |
|---|---|---|
| DOROTHY JEAN BARRETT, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2015-02-006 |
| | : | O P I N I O N |
| - vs - | | 5/2/2016 |
| | : | |
| CITY OF WILMINGTON, OHIO, et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CVH2013-0576


Jonathan E. Davidson, David T. Davidson, 127 North Second Street, P.O. Box 567, Hamilton, Ohio 45011, for plaintiff-appellant

Brian A. Shidaker, 69 N. South Street, Wilmington, Ohio 45177, for defendant, City of Wilmington

Laura A. Curliss, 110 Kurt Street, Yellow Springs, Ohio 45387, for defendant, Clinton County Open Lands, Inc.

Blaise Underwood, 97 N. South Street, Wilmington, Ohio 45177, for appellees, James Smith and Karen Smith

Thomas and Deborah Drake, 678 Bernice Street, Wilmington, Ohio 45177, defendants, pro se


**RINGLAND, J.**

{¶ 1}   Plaintiff-appellant, Dorothy Barrett, appeals the decision of the Clinton County

Court of Common Pleas, granting summary judgment in favor of appellees, the City of Wilmington, et al. in an action to quiet title. For the reasons discussed below, we affirm.

{¶ 2} Appellant has owned residential property located at 642 Bernice Street in Wilmington, Ohio since 1966. Adjacent to appellant's property is an area of undeveloped property that is platted and dedicated as a right-of-way for "public use as such forever." This property was designed to be a street in the event of further development, but that development has not yet occurred. Appellant now claims that she has acquired title to this property through adverse possession. Appellant notes that she has treated the property as her own for several decades and has even installed permanent fixtures onto the property, such as a flagpole, a small blacktop area for parking, a "no trespassing" sign, and a "fence" or barricade across the front of the property. Although the parties dispute whether the fence was a "decorative fence" or a means of establishing ownership of the area, it is undisputed that the fence did not fully enclose the property.

{¶ 3} Appellant filed a complaint to quiet title against the City of Wilmington in 2015, alleging that she had been in actual, open, hostile, continuous, and exclusive possession of the undeveloped property for the 21-year statutory period and claiming a fee simple right in the property. The complaint was amended on two separate occasions to include Clinton County Open Lands ("CCOL"), an Ohio nonprofit corporation maintaining an interest in the undeveloped area that may require access to Bernice Street, and the remaining individual defendants also claiming an interest in this action. CCOL and the individual defendants subsequently moved for summary judgment as to all claims, alleging that appellant failed to satisfy R.C. 2305.05, a statute requiring that a party fully enclose municipal property with a fence to make a claim of adverse possession. The trial court agreed that the relevant statute was implicated and appellant failed to satisfy the fencing enclosure requirement. Therefore, the trial court granted summary judgment in favor of appellees. Appellant now appeals the

- 2 -

decision of the trial court, raising two assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY DETERMINING APPELLEES CLINTON COUNTY OPEN LANDS AND SMITHS HAD STANDING TO ASSERT A LEGAL DEFENSE ON BEHALF OF ANOTHER PARTY TO THIS ACTION.

{¶ 6} In her first assignment of error, appellant alleges that R.C. 2305.05, which sets forth the requirements for establishing an adverse possession claim against a municipal corporation, is a "defense" only applicable to the City of Wilmington. As a result, appellant claims that CCOL and the individual defendants lacked standing to raise this issue in its motion for summary judgment. We disagree.

{¶ 7} As a party to this action, CCOL and the individual defendants were permitted to move for summary judgment and raise the relevant reasons why judgment should be granted as a matter of law. *See Citizens Fed. Sav. & Loan Ass'n. of Dayton v. Page*, 12th Dist. Warren No. CA83-03-018, 1984 WL 4292, *2 (Jan. 9, 1984) (the only requirement for proper standing to assert summary judgment is that the movant be a party); Civ.R. 56(B). The trial court, likewise, was permitted to conduct its own research and analysis and issue a judgment accordingly. Here, as discussed in more detail below, the trial court's judgment reflected that appellant could not satisfy the requirements of R.C. 2305.05 and therefore did not acquire the disputed property. As this issue was dispositive as to all claims, and involved the interests of all parties, the parties challenging her claims were permitted to raise the relevant issues. There is nothing to suggest that R.C. 2305.05 is a "defense" that can only be raised by a municipal corporation. Accordingly, we find no error in the trial court's decision to consider this statute in rendering its order. Appellant's first assignment of error is without merit and hereby overruled.

{¶ 8} Assignment of Error No. 2:

- 3 -

{¶ 9}  THE TRIAL COURT ERRED BY CONCLUDING PLAINTIFF DID NOT SATISFY THE REQUIREMENTS LISTED IN O.R.C. §2305.05.

{¶ 10}  In her second assignment of error, appellant alleges the trial court erred in granting summary judgment in favor of appellees.  This court reviews summary judgment decisions de novo.  *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8.  Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there are no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law and, (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party.  *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 11}  In the present case, appellant filed this quiet title action, claiming that she acquired title to undeveloped property from the City of Wilmington.  "To acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years."  *Grace v. Koch*, 81 Ohio St.3d 577, 579 (1998).  Because a successful adverse possession action divests a legal titleholder from his or her ownership interest, the doctrine is disfavored.  *Id.* at 580; *Vaughn v. Johnston*, 12th Dist. Brown No. CA2004-06-009, 2005-Ohio-942, ¶ 9.  Failure to prove any one of the elements by clear and convincing evidence results in failure to acquire title by adverse possession.  *Hacker v. House*, 12th Dist. Butler No. CA2014-11-230, 2015-Ohio-4741, ¶ 20.

{¶ 12}  The general rule is that adverse possession does not apply against the state. *Houck v. Bd. of Park Commrs. of the Huron Cty. Park Dist.*, 116 Ohio St.3d 148, 2007-Ohio-5586, ¶ 18.  However, R.C. 2305.05 provides an exception to the general rule where a street or alley has been "enclosed by a fence."  Pursuant to R.C. 2305.05:

> If a street or alley, or any part thereof, laid out and shown on the recorded plat of a municipal corporation, has not been opened to the public use and occupancy of the citizens thereof, or other persons, and has been enclosed with a fence by the owners of the inlots, lots, or outlots lying on, adjacent to, or along such street or alley, or part thereof, and has remained in the open, uninterrupted use, adverse possession, and occupancy of such owners for the period of twenty-one years, and if such street, alley, inlot, or outlot is a part of the tract of land so laid out by the original proprietors, the public easement therein shall be extinguished and the right of such municipal corporation, the citizens thereof, or other persons, and the legislative authority of such municipal corporation and the legal authorities thereof, to use, control, or occupy so much of such street or alley as has been fenced, used, possessed, and occupied, shall be barred, except to the owners of such inlots or outlots lying on, adjacent to, or along such streets or alleys who have occupied them in the manner mentioned in this section.

Accordingly, under the statute, a municipal corporation is not immune to adverse possession of its streets and highways where a street or highway has not been open for public use and an adjoining landowner fences in all or a portion of the street and remains in open, uninterrupted use of the enclosed area for the requisite 21-year period. *Bonham v. Hamilton*, 12th Dist. Butler No. CA2007-02-030, 2007-Ohio-349, ¶ 16.

{¶ 13} In the present case, appellant was required to satisfy the elements of R.C. 2305.05 to acquire the property through adverse possession. However, it is undisputed that appellant did not fully enclose the property with a fence as set forth in the statute. As held by numerous appellate districts throughout the state, "the statutory requirement of the erection of a fence is an absolute necessity under the law." *Anderson v. Alger*, 3d Dist. Hardin No. 6-98-10, 1999 WL 378377, *4 (May 14, 1999); *Spencer v. Myers*, 9th Dist. Medina No. 2710-M, 1998 WL 388997, *4 (July 8, 1998); *Rocco v. Fairview Park,* 8th Dist. Cuyahoga No. 72263, 1998 WL 57085, *4 (Feb. 12, 1998). *See also Misamore v. Wien*, 3d Dist. Hancock No. 5-80-20, 1980 WL 352031 (Nov. 4 1980) (statutory requirements not met where only two sides of the disputed property were fenced); *Bryan v. Killgallon*, 6th Dist. Williams No. WMS-81-6,

1981 WL 5791 (Sept. 25, 1981) (property not completely enclosed by fence). Since the property was not fully enclosed by a fence, appellant cannot satisfy the elements of R.C. 2305.05 necessary to acquire ownership through adverse possession.

{¶ 14} On appeal, appellant challenges the intent of the legislation and argues that the fencing requirement is merely a method of placing the municipality on notice that an individual is claiming municipal land as their own. To that end, appellant claims she provided notice of her intentions through other means, including the installation of several "permanent obstructions." We decline the invitation to ignore the plain language of the statute and insert words not used. *See, e.g., Spencer* at *4. "If the Ohio General Assembly had intended for structures other than a fence to allow property owners to adversely possess municipal streets, it would have so manifested in the statute." *Id.* Here, appellant has not met the requirements of R.C. 2305.05 to acquire the property throughout adverse possession and the trial court appropriately granted summary judgment. Accordingly, appellant's second assignment of error is without merit and overruled.

{¶ 15} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.