[Cite as *Carson v. Duff*, 2016-Ohio-5093.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| MICHAEL R. CARSON, TRUSTEE, et al., | : | |
| Plaintiffs/Third-Party Defendants/ Appellants, | : | CASE NO.  CA2015-06-013 |
| | : | O P I N I O N |
| - vs - | | 7/25/2016 |
| | : | |
| ROSCOE DUFF, DECEASED, et al., | : | |
| Defendants, | : | |
| | : | |
| - vs - | : | |
| | : | |
| MICHAEL R. CARSON, et al., | : | |
| | : | |
| Defendants/Third-Party Plaintiffs/ Appellees. | : | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 13CVH00471

Kiger & Kiger, David V. Kiger, 132 South Main Street, Washington C.H., Ohio 43160, for plaintiffs-appellants and third party defendants

Daniel W. Drake, P.O. Box 171, Bloomingburg, Ohio 43106, for defendants-appellees and third party plaintiffs

**RINGLAND, J.**

{¶ 1} Plaintiffs-appellants appeal the decision of the Fayette County Court of Common Pleas granting summary judgment in favor of defendants-appellees in a dispute

over real property.[1]  For the reasons detailed below, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2}  This case involves a disputed 102 acre tract of farmland located in Fayette County.  The property was conveyed several times over the years, eventually to the Duff Farm Company, which conveyed the land to appellants.

{¶ 3}  Prior to the sale of the property, a title search was conducted, which disclosed appellees' fractional interest in the property.  Appellants claim the "cloud" in title, appellees' fractional interest, was the result of a mistake in the transfer of a deed in the chain of title and filed a quiet title action.

{¶ 4}  The following facts are relevant to this appeal. Since 1966, Dwight Duff and his successors in interest have continuously farmed the 102 acre tract.  The trial court stated in its judgment entry "[t]he tract of land has been enrolled in various federal crop programs and the county real estate taxes have been kept current.  This tract has never been subdivided since its creation in 1966.  There is no evidence in the record of any act inconsistent with complete ownership of the entire interest in the tract."

{¶ 5}  The trial court also noted that appellees had no knowledge of their respective interests in this tract of land until the quiet title action was filed.  Appellees claim to the property is through inheritance by reference to the chain of title.

{¶ 6}  Following discovery, appellants moved for summary judgment claiming, in part, that Dwight Duff and his successors had successfully acquired the fee title of the property through adverse possession, which was then conveyed to them.  Appellees filed a motion in opposition and also moved for summary judgment on the basis that, as record title owners

---

1. Appellants' complaint lists a number of parties and entities that do not need to be specified by this court in our resolution of this appeal.  For purposes of clarity, we will use the term "appellants" to refer to plaintiffs-appellants, Michael and Mary Ann Carson, as trustees for their respective revocable trusts. We will use the term "appellees" to refer to defendants-appellees, Jacqueline Loudner, Ronald Pope, and James E. Duff, who claim an interest in the disputed property through inheritance.

and tenants in common, they were entitled to judgment as a matter of law. The trial court ruled in favor of appellees, finding that appellants failed to establish the "higher standard" of review for cotenants in an adverse possession claim. As the title record holders, the trial court granted judgment in favor of appellees, therefore finding their fractional interest in the disputed property to be valid. Appellants now appeal the decision of the trial court, raising several assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO ALLOW PLAINTIFFS TO PRESENT EVIDENCE AS TO THEIR RIGHT TO CLAIM TITLE TO THE 102.032 ACRES IN QUESTION UNDER THE LAWS OF ADVERSE POSSESSION BY THE COURT INVOKING THE PAROLE EVIDENCE RULE AND FINDING THAT SUCH EVIDENCE WAS NOT PERMISSIBLE UNDER THE STATUTE OF FRAUDS.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT PLAINTIFFS HAD FAILED TO MEET THE STANDARD OF PROOF, I.E., UNEQUIVOCAL ACTS AND ACTUAL NOTICE OF ADVERSE POSSESSION BETWEEN CO-TENANTS WHEN PLAINTIFFS SEVERED THE TRACTS IN QUESTION AND OPENLY DISSEIZED DEFENDANTS FROM THE OCCUPANCY OF THE ACREAGE IN QUESTION.

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT OPEN, CONTINUOUS AND HOSTILE POSSESSION AND OCCUPYING THE REAL PROPERTY IN QUESTION AND THE EXCLUSIVE, CONTINUOUS FARMING THEREOF TO THE EXCLUSION OF THE DEFENDANTS DID NOT CONSTITUTE OVERT, DEFINITE AND CONTINUOUS ASSERTION OF UNEQUIVOCAL CHARACTER, INDICATING ASSERTION OF OWNERSHIP OF THE PREMISES TO THE EXCLUSION OF THE CO-

TENANTS' RIGHTS.

{¶ 13} Assignment of Error No. 4:

{¶ 14} THE TRIAL COURT ERRED BY REPEATEDLY DRAWING INFERENCES IN FAVOR OF THE DEFENDANTS AND EXCLUDING EVIDENCE IN FAVOR OF THE PLAINTIFFS.

{¶ 15} Appellants' four assignments of error essentially argue the same proposition of law. Specifically, appellants claim the trial court erred by awarding summary judgment to appellees by utilizing a heightened standard of review and by not considering whether certain evidence created a genuine issue of material fact. We agree.

{¶ 16} This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 17} "To acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace v. Koch*, 81 Ohio St.3d 577, 579 (1998). Because a successful adverse possession action divests a legal titleholder from his or her ownership interest, the doctrine is disfavored. *Id.* at 580; *Barrett v. Wilmington*, 12th Dist. Clinton No. CA2015-02-006, 2016-Ohio-2776, ¶ 11. Failure to prove any one of the elements by clear and convincing evidence results in failure to acquire title by adverse possession. *Hacker v.*

- 4 -

*House*, 12th Dist. Butler No. CA2014-11-230, 2015-Ohio-4741, ¶ 20.

{¶ 18} The Ohio Supreme Court has stated, "[a] tenant in common cannot assert title by adverse possession against his co-tenant unless he shows a definite and continuous assertion of adverse right by overt acts of unequivocal character clearly indicating an assertion of ownership of the premises to the exclusion of the right of the co-tenant." *Gill v. Fletcher*, 74 Ohio St. 295, 305-306 (1906). The court enunciated an extremely high standard to establish adverse possession against a cotenant because possession by one cotenant is presumed to be possession by all. *Grace* at 579, fn. 1 (1998), citing *Ferenbaugh v. Ferenbaugh*, 104 Ohio St. 556, 559 (1922).

{¶ 19} In its entry granting summary judgment, the trial court found that in order to establish title by adverse possession against a cotenant, "[t]his court must apply the higher standard established by Ohio Supreme Court precedent - more than 'clear and convincing.'" In applying the facts of the case, the trial court found that appellants had not performed an "overt act," by clear and convincing evidence, asserting their ownership of the property to the exclusion of appellees.

{¶ 20} By relying on the "clear and convincing" evidence standard, as opposed to the Civ.R. 56 standard of review for summary judgment, we find the trial court's decision must be reversed. While it is true that the Ohio Supreme Court's precedent in *Grace* states that the elements of adverse possession must be *proven* with "clear and convincing" evidence, those cases merely establish "the burden of proof to be satisfied at the trial on the merits, not the summary judgment exercise." *Franklin v. Massillon Homes II, L.L.C.*, 184 Ohio App. 3d 455, 2009-Ohio-5487, ¶ 33 (5th Dist.); *King v. Hazen*, 11th Dist. Ashtabula No. 2005-A-0031, 2006-Ohio-4823, ¶ 59.

{¶ 21} In the present case, when the trial court stated in its judgment entry that appellants had not established their claim for adverse possession because they had not

satisfied the "higher standard * * * more than 'clear and convincing'" adopted by the Ohio Supreme Court, it was improperly weighing the evidence in reviewing a summary judgment motion. Several other Ohio appellate courts have reached similar results. *Franklin* at ¶ 34; *King* at ¶ 59. Civ.R. 56 merely requires that the trial court determine whether there are any genuine issues of material fact to be tried, not whether one party or the other will satisfy its burden of proof when the case eventually comes to trial. *Franklin* at ¶ 35.

{¶ 22} To be clear, the requirements for establishing an adverse possession claim are high, especially when the claim is presented against a cotenant. *Koch*, 81 Ohio St.3d at 579, fn. 1. However, considering the complicated facts of this case, we find that resolution of these issues should not be through summary judgment.

{¶ 23} In remanding this matter, we note that each case of adverse possession turns upon its own particular set of facts. *Hacker*, 2015-Ohio-4741 at ¶ 23. Appellants have presented evidence that Dwight Duff and his successors have continuously farmed, occupied, maintained, and expanded valuable resources on the property since 1966. There is evidence that the disputed property, which was part of a larger family farm, was divided amongst the family and then farmed harmoniously over the next 50 years without any indication of competing ownership rights to the property. In fact, as noted by the trial court, "[t]here is no evidence in the record of any act inconsistent with complete ownership of the entire interest in the tract." Appellants allege that the "cloud" in title may be a result of a mutual mistake in the transfer of official deed records. Or, more simply, appellants allege that the family and all persons holding a fractional interest in that tract of land recognized Dwight Duff and his successors' sole ownership of the property. As noted by several courts, "[t]he doctrine of adverse possession protects one who has honestly entered and held possession in the belief that the land was his own, as well as one who knowingly appropriates the land of others for the purpose of acquiring title." *See Evanich v. Bridge*, 9th

- 6 -

Dist. Lorain No. 05CA008824, 2007-Ohio-1349, ¶ 14.

{¶ 24} Although appellants must still satisfy a high burden of proof to *prove* adverse possession, we are unwilling to say that judgment should be granted as a matter of law in this case. Accordingly, we find appellants' second and third assignments of error are well-taken and sustained.

{¶ 25} In remanding this matter to the trial court, we pause to generally address appellants' first and fourth assignments of error, which are not presently ripe for review. In their first assignment of error, appellants allege the trial court erred by "holding that the depositions of Lois Duff Rhoad and her son and their affidavits, which were crucial to the plaintiffs claim, were inadmissible and could not be considered as evidence to support their claim as such violated the parole evidence rule and the statute of frauds." In their fourth assignment of error, appellants allege the trial court "excluded" or "ignored" relevant testimony.

{¶ 26} The facts surrounding the issues contained in appellants' first and fourth assignments of error are not clearly presented for this court to make an appropriate ruling at this time. Although we note that the trial court stated in its judgment entry that certain evidence was excluded by the statute of frauds, the specific testimony and related evidence is not clearly delineated in the record. Appellants' brief alleges that the trial court disregarded affidavits and deposition testimony as it relates to the transfer of deeds and intended plans for the division of the family farm. For example, appellants argue the trial court erred by failing to consider evidence that the family patriarch held a meeting to discuss the future of the farm and his proposed plan for the division of the property.

{¶ 27} While we agree the statute of frauds may prevent the enforcement of a contract for land that is not contained in a writing, we note that evidence that is inadmissible for one purpose may be admissible for another purpose. *Barnett v. Sexten*, 10th Dist.

- 7 -

Franklin No. 05AP-871, 2006-Ohio-2271, ¶ 14, citing *State ex rel. Brown v. Dayton Malleable Inc.*, 1 Ohio St.3d 151, 156 (1982).

{¶ 28} In the present case, the record does not firmly establish the testimony that will be presented at trial. Nor does the trial court's judgment entry state the specific evidence that it excluded from its consideration on the issue of adverse possession. To the extent that appellants are attempting to enforce a contract not contained in a writing, and in violation of the statute of frauds, we agree that such evidence is generally inadmissible. However, as this case is being remanded, we can find no clear indication that the trial court has barred any specific testimony or evidence. Accordingly, we find the issues presented in appellants' first and fourth assignments of error are matters to be considered by the trial court and are not properly before this court.

{¶ 29} Judgment reversed and remanded.

PIPER, P.J., and HENDRICKSON, J., concur.