[Cite as *Carson v. Duff*, 2017-Ohio-8199.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| MICHAEL R. CARSON, TRUSTEE, et al., | : | |
| | | CASE NOS. CA2017-03-005 |
| Plaintiffs-Appellants, | : | CA2017-03-007 |
| | : | O P I N I O N |
| - vs - | | 10/16/2017 |
| | : | |
| ROSCOE DUFF, DECEASED, et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 13CVH00471


Kiger & Kiger Lawyers, David V. Kiger and James A. Kiger, 132 South Main Street, Washington C.H., Ohio 43160-2275, for plaintiffs-appellants

William E. Peelle, 1929 Rombach Avenue, P.O. Box 950, Wilmington, Ohio 45177, for plaintiffs-appellants

Daniel W. Drake, 6383 Myers Road, P.O. Box 171, Bloomingburg, Ohio 43106, for defendants-appellees

Jeffrey L. Wright, 145 North South Street, Wilmington, Ohio 45177, for defendants-appellees

Jess C. Weade, Fayette County Prosecuting Attorney, 110 East Court Street, Washington C.H., Ohio 43160, for defendant, Fayette County Treasurer


**S. POWELL, J.**

{¶ 1} Plaintiffs-appellants, Michael and Mary Ann Carson, individually and as trustees

for their respective revocable trusts, appeal from the decision of the Fayette County Court of Common Pleas denying their adverse possession claim following a bench trial in a dispute over real property with defendants-appellees, Jacqueline Loudner, Ronald Pope, and James E. Duff. For the reasons outlined below, we affirm.

{¶ 2} This case had previously been appealed to this court in *Carson v. Duff*, 12th Dist. Fayette No. CA2015-06-013, 2016-Ohio-5093. As part of that decision, we recited the following facts:

> This case involves a disputed 102 acre tract of farmland located in Fayette County. The property was conveyed several times over the years, eventually to the Duff Farm Company, which conveyed the land to appellants.
>
> Prior to the sale of the property, a title search was conducted, which disclosed appellees' fractional interest in the property. Appellants claim the "cloud" in title, appellees' fractional interest, was the result of a mistake in the transfer of a deed in the chain of title and filed a quiet title action.
>
> The following facts are relevant to this appeal. Since 1966, Dwight Duff and his successors in interest have continuously farmed the 102 acre tract. The trial court stated in its judgment entry "[t]he tract of land has been enrolled in various federal crop programs and the county real estate taxes have been kept current. This tract has never been subdivided since its creation in 1966. There is no evidence in the record of any act inconsistent with complete ownership of the entire interest in the tract."
>
> The trial court also noted that appellees had no knowledge of their respective interests in this tract of land until the quiet title action was filed. Appellees claim to the property is through inheritance by reference to the chain of title.
>
> Following discovery, appellants moved for summary judgment claiming, in part, that Dwight Duff and his successors had successfully acquired the fee title of the property through adverse possession, which was then conveyed to them. Appellees filed a motion in opposition and also moved for summary judgment on the basis that, as record title owners and tenants in common, they were entitled to judgment as a matter of law. The trial court ruled in favor of appellees, finding that

- 2 -

appellants failed to establish the "higher standard" of review for cotenants in an adverse possession claim. As the title record holders, the trial court granted judgment in favor of appellees, therefore finding their fractional interest in the disputed property to be valid.

*Id.* at ¶ 2-6.

{¶ 3} On appeal, we reversed the trial court's decision granting summary judgment to appellees upon finding the trial court employed the wrong standard of review and that, when considering the complicated facts at issue, the case was better suited to be resolved following a trial, not summary judgment. *Id.* at ¶ 20-22. The matter was therefore remanded to the trial court for further proceedings.

{¶ 4} On December 1, 2016, the trial court held a bench trial to determine appellants' adverse possession claim. During trial, the trial court heard testimony from several witnesses regarding the property at issue and admitted numerous documents outlining the title history and transfers of the property beginning in the mid-1960s onward. This included testimony about an alleged family meeting that took place some 50 years prior in an effort to effectuate a transfer of the property to its intended recipient through a "swap" of deeds, a predecessor to appellants herein. However, as one witness testified, not a single word has been said about the property for over 50 years prior to the property being sold to appellants in 2012. Nevertheless, there was also testimony that a title search discovered a defect in the property's chain of title. Specifically, testimony was elicited that "there were heirs where their interest was never transferred away," thereby rendering appellants and appellees cotenants of the property at issue.

{¶ 5} On March 2, 2017, after both parties submitted closing memoranda to the trial court, the trial court issued a decision denying appellants' adverse possession claim. In so holding, the trial court determined appellants "failed to prove by clear and convincing

evidence any definite and continuous assertion of adverse rights, by themselves nor by their predecessors in title," so as to support their adverse possession claim against appellees, their cotenants. Appellants now appeal from the trial court's decision, raising two assignments of error for review. For ease of discussion, appellants' two assignments of error will be addressed together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE DECISION OF THE TRIAL COURT HOLDING THAT APPELLANTS FAILED TO SUSTAIN THEIR BURDEN OF PROOF OF ADVERSE POSSESSION OF THE 102.032 ACRE TRACT OF FARMLAND AS AGAINST CO-TENANTS IS ERRONEOUS AS A MATTER OF LAW AND IS AGAINST THE MANIFEST WEIGHT AND NOT SUPPORTED BY THE EVIDENCE.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT DUFF'S (DWIGHT DUFF) AND HIS SON AND WIFE, HAVE TO ENGAGE IN UNEQUIVOCAL ACTS WHICH CONSTITUTES AN OUSTER OF HIS SIBLINGS WHICH WERE CO-TENANTS.

{¶ 10} In their two assignments of error, appellants make the same basic argument that they did previously; namely, that the trial court erred by denying their adverse possession claim as that decision was against the manifest weight of the evidence. We disagree.

**Standard of Review: Manifest Weight of the Evidence**

{¶ 11} "The standard of review for a manifest weight challenge in a civil case is the same as that applied to a criminal case." *Dunn v. Clark*, 12th Dist. Warren No. CA2015-06-055, 2016-Ohio-641, ¶ 8, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17. Thus, in considering a manifest weight challenge, a reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether

- 4 -

in resolving conflicts in the evidence, the finder of fact clearly lost its way and created a manifest miscarriage of justice warranting reversal and a new trial ordered. *Hacker v. House*, 12th Dist. Butler No. CA2014-11-230, 2015-Ohio-4741, ¶ 21, citing *Eastley* at ¶ 20. A judgment will not be reversed as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. *Sterling Constr., Inc. v. Alkire*, 12th Dist. Madison No. CA2016-12-032, 2017-Ohio-7213, ¶ 8.

### The Law of Adverse Possession and Cotenants

{¶ 12} "To acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Grace v. Koch*, 81 Ohio St.3d 577, 579 (1998). As it relates to cotenants, however, "[a] tenant in common cannot assert title by adverse possession against his co-tenant unless he shows a definite and continuous assertion of adverse right by overt acts of unequivocal character clearly indicating an assertion of ownership of the premises to the exclusion of the right of the co-tenant." *Gill v. Fletcher*, 74 Ohio St. 295, 305-306 (1906). This is an extremely high standard to establish since possession by one cotenant is presumed to be possession by all. *Grace* at 579, fn. 1, citing *Ferenbaugh v. Ferenbaugh*, 104 Ohio St. 556, 559 (1922). Suffice it to say, it is a difficult task for one cotenant to adversely possess property from other cotenants. *Hoosier v. Heirs*, 4th Dist. No. 14CA846, 2014-Ohio-5810, ¶ 26.

### Analysis

{¶ 13} Appellants initially argue the trial court erred by denying their adverse possession claim since there was evidence presented at trial indicating appellees knew the property at issue was to belong to appellants' predecessors. Although not particularly clear,

appellants imply that because appellees were tangentially aware that a family meeting took place some 50 years prior that resulted in their predecessors coming into possession of their own respective parcels of real property through a "swap" of deeds, this proves their predecessors never intended the property at issue to be shared. However, although the record indicates that at least one of the appellees had heard that a family meeting took place in 1966, another testified that he knew "nothing about a meeting that occurred." Moreover, when asked about whether there was any discussion about the property at issue after that meeting supposedly took place, one appellee testified that she "had no knowledge of that until 2000."

{¶ 14} Regardless, even if appellants' allegations were true, there is no dispute that the property's chain of title contains a defect. As a result, we fail to see the significance of appellees' knowledge in regards to any intended ownership of the property as it relates to appellants' adverse possession claim. Simply stated, regardless of appellees' alleged knowledge of whether a family meeting took place some 50 years prior, it was appellants who were saddled with the burden of proof to establish their adverse possession claim, including proof that they or their predecessors engaged in "overt acts of unequivocal character" indicating their ownership of the property to the exclusion of appellees. The trial court clearly agreed with this rationale considering it denied appellants' adverse possession claim. Therefore, as discussed more fully below, based on the facts and circumstances of this case, the trial court did not err by finding appellants failed to satisfy the extremely high standard necessary to establish their adverse possession claim.

{¶ 15} Appellants next argue the trial court erred by denying their adverse possession claim when it found neither they nor their predecessors engaged in any "overt acts of unequivocal character" indicating their ownership of the property to the exclusion of

appellees. However, while it is true that appellants and their predecessors farmed the property exclusively for more than 50 years, received rents and profits from the land, as well as paid the necessary real estate taxes and insurance on the property, just as the trial court found, this is insufficient to establish an adverse possession claim against appellees. Although taken from a case that is now nearly 200 years old, it nevertheless holds true that "a silent possession, accompanied with no act which can amount to an ouster, or give notice to his co-tenant that his possession is adverse, ought not, we think, to be construed into an adverse possession." *M'Clung v. Ross*, 18 U.S. 116, 124 (1820).

{¶ 16} As noted above, the requirements for establishing an adverse possession claim are high, especially when the claim is presented against a cotenant. In this case, appellants provided no evidence that either they or their predecessors did any overt act that could be considered an assertion of ownership to the exclusion of appellees, a requirement under the law of this state to bring a successful adverse possession claim against a cotenant. This is true irrespective of the fact that appellees may have only recently become aware of their fractional interest in the property. *See generally Heirs*, 2014-Ohio-5810 at ¶ 29 (overt act to the exclusion of cotenants still required for adverse possession claim even where those cotenants were unaware of the property). "[P]ossession of and improvements to the property are insufficient to meet the extremely high standard." *Reel v. Reel*, 11th Dist. No. 2016-T-0038, 2016-Ohio-8116, ¶ 47. Therefore, because we find no error in the trial court's decision denying appellants' adverse possession claim, the trial court's decision was not against the manifest weight of the evidence. Accordingly, appellants' two assignments of error are without merit and overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.