[Cite as *Ford v. West*, 2018-Ohio-2626.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| DAVID MICHAEL FORD, SR., | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2017-11-025 |
| | : | O P I N I O N |
| - vs - | | 7/2/2018 |
| | : | |
| PATRICIA WOLFE WEST, et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CVH20150246


Kiger & Kiger, James A. Kiger, 132 South Main Street, Washington C.H., Ohio 43160, for plaintiff-appellant

Jess C. Weade, 220 East Market Street, Washington C.H., Ohio 43160, for defendant-appellee, Patricia Wolfe West


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, David Ford, appeals from the decision of the Fayette County Court of Common Pleas denying his adverse possession claim following a bench trial in a dispute over real property with defendant-appellee, Patricia West. For the reasons detailed below, we affirm.

{¶ 2} This case involves an approximate 20-acre tract of farmland ("Property"), which

Ford claims by right of adverse possession. On September 4, 2015, Ford filed his quiet title complaint. Patricia answered Ford's complaint and filed a counterclaim asserting that the applicable statute of limitations had yet to expire and requesting that she be recognized as the true owner of the Property.[1]

{¶ 3} Following a bench trial, the trial court ruled that Ford did not satisfy the 21-year requirement to prove a claim for adverse possession. Therefore, the trial court granted judgment in favor of Patricia. Ford now appeals the trial court's decision, raising two assignments of error for review. For ease of discussion, Ford's two assignments of error will be addressed together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT APPELLANT [sic] CAUSE OF ACTION DID NOT ACCUE [sic] UNTIL OCTOBER 27, 1995 AND THAT APPELLANTS [sic] FILING OF HIS CLAIM TOLLED THE RUNNING OF THE STATUTE I.E. R.C. 2305.04

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT'S DECISION DATED AUGUST 3, 2017 IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AS APPELLANT BY CLEAR AND CONVINCING EVIDENCE PROVED HIS CLAIM OF RIGHT TO THE LAND IN QUESTION, AND THAT HIS TITLE THERETO SHOULD BE QUIETED.

{¶ 8} Ford's assignments of error are interrelated. Ford alleges the trial court's decision is against the manifest weight of the evidence. Following review, we find Ford's assignments of error are without merit.

{¶ 9} When evaluating whether a judgment is against the manifest weight of the

---

1. Patricia initially answered Ford's complaint pro se. However, Patricia subsequently obtained counsel and filed an amended Answer and Counterclaim on December 16, 2015.

evidence in a civil case, the standard of review is the same as in the criminal context. *Jones v. Holmes*, 12th Dist. Butler No. CA2012-07-133, 2013-Ohio-448, ¶ 24, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17. As such, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley* at ¶ 20. A judgment will not be reversed as being against the manifest weight of the evidence where the judgment is supported by some competent, credible evidence going to all essential elements of the case. *Carson v. Duff*, 12th Dist. Fayette Nos. CA2017-03-005 and CA2017-03-007, 2017-Ohio-8199, ¶ 11.

{¶ 10} "To acquire title by adverse possession, the party claiming title must show exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." *Carson v. Duff*, 12th Dist. Fayette No. CA2015-06-013, 2016-Ohio-5093, ¶ 17. The legal titleholder is entitled to a strong presumption that he is the legal owner of the property. *Judd v. Jackson*, 12th Dist. Butler No. CA2002-11-291, 2003-Ohio-6383, ¶ 9. "The burden of establishing the elements necessary to acquire title by adverse possession rests heavily upon the person claiming such ownership." *Hacker v. House*, 12th Dist. Butler No. CA2014-11-230, 2015-Ohio-4741, ¶ 20.

{¶ 11} The vast majority of the operative facts are not in dispute. John Riley held title to the Property in fee simple. John died testate on November 11, 1934. Pursuant to the terms of his will, John devised the Property to his surviving spouse for life, then to Annabel Riley and Albert Anthoni for life with the remainder in fee simple to the heirs of the body of Annabel. In the event of default, the remainder went to the heirs of the body of another relative, Valerie Bugsby.

{¶ 12} Annabel purchased Albert's interest in the Property on May 18, 1946.

Approximately two years later, Annabel then conveyed her interest in the Property to Howard and Della Allison by quitclaim deed. On October 27, 1995, Annabel died. Annabel was survived by her daughter, Patricia. It is undisputed that Patricia is an "heir of the body" of Annabel.

{¶ 13} Patricia only disputes the timing element of Ford's adverse possession claim. Therefore, the central challenge on appeal is whether Ford satisfied the 21-year time requirement for adverse possession.

{¶ 14} Ford claims that "his predecessors in title have been in possession of this acreage in question for over 30 years uninterrupted to this day." As part of his argument, Ford references a series of deeds and title transfers occurring uninterrupted from Annabel until the Property was transferred to his father. Ford was the sole beneficiary of his father's estate.

{¶ 15} The trial court found that despite the transfers cited by Ford, Annabel possessed only a life estate in the Property and could only transfer that interest, not the remainder interest held by the heirs of Annabel's body. Therefore, the trial court found that "[t]he Court need go no further in examining the theory of adverse possession posited by [Ford] as the timeliness of the action is dispositive." As a result, the trial court concluded that Ford's claim for adverse possession began on the date of Annabel's death, October 27, 1995, and therefore he failed to satisfy the 21-year requirement.

{¶ 16} We find the trial court's decision was supported by the manifest weight of the evidence. The Ohio Supreme Court has held that the term "heirs of the body" creates a class gift that cannot be determined until the class is closed. *Tootle v. Tootle*, 22 Ohio St.3d 244, 248 (1986). For a contingent remainder in a life estate, the remainder does not vest "until the class is closed, i.e., with the death of the final life tenant." *Id.*

{¶ 17} In the present case, Annabel held a life estate interest in the Property and the

- 4 -

"heirs of her body" held a contingent remainder in fee simple. Although Annabel conveyed the Property, she was only able to convey her life estate interest. Upon Annabel's death, the class closed and Patricia was the sole remaining heir of Annabel's body. Ford's complaint and Patricia's Answer and Counterclaim were filed less than 21 years from Annabel's date of death. As correctly noted by the trial court, this fact is dispositive to the outcome of the case.

{¶ 18} Although Ford and his predecessors possessed the Property for many years prior to Annabel's death, a claim for "adverse possession does not begin to run against the rights of a person holding a remainder or reversionary interest until they have possession of the property." *Hempel v. Zabor*, 6th Dist. Erie No. E-06-032, 2007-Ohio-5320, ¶ 13, citing *Stein v. White*, 109 Ohio St. 578, 583 (1924). Therefore, Ford's claim for adverse possession against Patricia's interest did not begin until October 27, 1995 when she could possess the Property. Ford did not satisfy the 21-year requirement for adverse possession against Patricia's fee simple interest.

{¶ 19} On appeal, Ford makes a corollary argument that he is still in possession of the Property, and Patricia's Answer and Counterclaim should not toll the statute of limitations. In other words, Ford maintains that Patricia has never "disseized[d]" him and the filing of Patricia's Answer and Counterclaim did not halt the 21-year period to establish a claim for adverse possession. Ford cites the Ohio Supreme Court's decisions in *Grace v. Koch*, 81 Ohio St.3d 577 (1998); and *Rosenthil v. Cherry*, 114 Ohio St. 401 (1926). However, both cases are distinguishable from the facts in the present case. In *Grace*, the Court based its decision on other grounds, while noting that "[t]he act of mortgaging the property * * * was probably insufficient to toll the statutory period." *Grace* at ¶ 581 fn. 3. Similarly, the Court's decision in *Rosenthil* involved a situation where a judgment against an adverse possessor was never enforced and therefore did not interrupt the adverse possession period because "equity comes to the vigilant and not to those who slumber on their rights." *Rosenthil* at ¶ 12.

Moreover, Patricia's Counterclaim was filed within 21 years, which is consistent with R.C. 2305.04, which provides "[a]n action to recover the title to or possession of real property shall be brought within twenty-one years after the cause of action accrued." Patricia's Counterclaim was brought within 21 years of the time of accrual.

{¶ 20} As a result, we find the trial court's decision was supported by the manifest weight of the evidence. Ford failed to prove all the necessary requirements to establish a claim for adverse possession. Therefore, we find the assignments of error to be without merit and they hereby are overruled.

{¶ 21} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.